UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DR. MARK JOHNSTON, M.D., M.P.H.,

           Plaintiff,

v.

CITY of SYRACUSE, POLICE OFFICER
VALLON SMITH, In his Individual Capacity,
CHIEF OF POLICE KENTON BUCKNER,
In his Individual Capacity, and DOES 1-200,

           Defendants.

Civil Action No.: 5:20-CV-1497
(DNH/ATB)

---

**MEMORANDUM OF LAW IN REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED R. CIV. P. RULE 12 AND MOTION FOR A MORE DEFINITIVE STATEMENT OR TO STRIKE PURSUANT TO RULES 12(E) AND (F).**

Kristen E. Smith, Esq.
Corporation Counsel - City of Syracuse
300 City Hall
Syracuse, New York 13202
(315) 448-8400

**BY**:   Todd M. Long, Esq.
        Bar Roll No. 519301

# TABLE OF CONTENTS

ARGUMENT ...................................................................................................................... 1

    I.    PLAINTIFF ABANDONED NUMEROUS CLAIMS BY FAILING TO COMPLETELY OPPOSE DEFENDANTS' ARGUMENTS ................................. 1

    II.    PLAINTIFF CANNOT AMEND HIS COMPLAINT IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS ........................................................... 2

    III.    NEW YORK STATE ASSAULT AND BATTERY CLAIMS ARE DUPLICATIVE OF SECTION 1983 EXCESSIVE USE OF FORCE CLAIM ..... 4

    IV.    NEW YORK STATE FALSE IMPRISONMENT CLAIMS IS DUPLICATIVE OF SECTION 1983 FALSE ARREST CLAIM ........................................................ 4

    V.    PLAINTIFF DID NOT COMPLY WITH G.M.L. § 50-E IN FAILING TO NOTICE THE CITY OF NEGLIGENT TRAINING, ET AL., CLAIM (CLAIM 13) ..................................................................................................................... 5

    VI.    CHIEF BUCKNER CANNOT BE SUED IN THIS CASE IN HIS INDIVIDUAL CAPACITY UNDER *MONELL* OR AS A SUPERVISOR ................................... 6

        A.    *Iqbal* abrogated supervisory liability in *Colon*. ......................................... 7

        B.    Plaintiff has not pleaded an individual Constitutional violation by Chief Buckner. ....................................................................................................... 7

    VII.    DECLARATORY JUDGEMENTS SHOULD BE DISMISSED. ........................ 10

    VIII.    THE COMPLAINT SHOULD BE RE-PLEAD AND HAVE PARTS STRUCK PURSUANT TO FED. R. CIV. P. RULES 12(E) AND 12(F). ............................. 10

CONCLUSION ................................................................................................................ 10

**(PAGE INTENTIONALLY LEFT BLANK)**

**ARGUMENT**

**I.  PLAINTIFF ABANDONED NUMEROUS CLAIMS BY FAILING TO COMPLETELY OPPOSE DEFENDANTS' ARGUMENTS**

A plaintiff's failure to respond to "contentions raised in a motion to dismiss claim constitutes an abandonment of those claims." *Helwing v City of New York*, 18-CV-3764, 2021 WL 781794, at *4 (E.D.N.Y. Mar. 1, 2021) (quoting cases); *Pinder v S. DiCarlo, Inc.*, 1:18-CV-00296(BKS/ATB), 2020 WL 437000, at *9 note 8 (N.D.N.Y. Jan. 28, 2020).

Plaintiff completely failed to oppose the following arguments:

(A)  "Plaintiff's federal Section 1983 claim of assault and battery, or **Claim 6**, should be dismissed because it is duplicative of Plaintiff's federal Section 1983 excessive use of force claim." (Dkt. No. 34-3, p. 12,[1] Sec. 1.A.4.) (emphasis supplied).

(B)  "Plaintiff's New York state law claim of **Trespass of Chattels**, should be dismissed for failing to comply with § 50-e of the New York General Municipal Law." (Id., p. 20, Sec. 1.A.8.) (emphasis supplied).

(C)  "Plaintiff's *Monell* claim, or **Claim 2**, should be dismissed as to **Chief Buckner** because it is duplicative of Plaintiff's identification of the City of Syracuse in pleading his *Monell* claim[2]. . ." (Id., p. 22, Sec. 1.A.10.) (emphasis supplied).

(D)  Plaintiff's federal Section 1983 claim of ratification, or **Claim 9**, in a *Monell* claim, and so **Chief Buckner** must be dismissed as well. (Id., p. 23, Sec. 1.A.11.) (emphasis supplied).

Moreover, substantive arguments addressed only in the footnotes of opposition papers are improper "and the Court is under no obligation to consider them." *Weslowski v. Zugibe*, 96 F. Supp. 3d 308, 314 (S.D.N.Y. 2015), *aff'd*, 626 Fed. App'x 20 (2d Cir. 2015); *see also, Pajak v New York State Off. of Temporary & Total Disability*, 16-CV-899-FPG, 2018 WL 4268915, at *4 note 2 (W.D.N.Y. Sept. 7, 2018), *aff'd sub nom. Pajak v New York State Off. of Temporary and Disability Assistance*, 783 Fed. App'x 86 (2d Cir. 2019).

---

[1]  All page designations cited in this brief will reflect the header page number created by CM/ECF by filing and not the page numbers put in the footer by the parties.

[2]  Plaintiff attempts to oppose Defendant's contention that "*Monell* claims cannot be asserted against parties in their individual capacities" in his memorandum of law. *See* Dkt. No. 37, p. 15.

Plaintiff does little more than offer two footnotes in opposition to Defendants' substantive contentions that the following claim should be dismissed:

> (E)  "Plaintiff's federal **Section 1986 claim** of conspiracy, or **Claim 3**, should be dismissed because Plaintiff has neither stated a valid claim under 42 U.S.C. § **1985** . . ." (Dkt. No. 34-3, p. 13, Sec. 1.A.5.) (emphasis supplied).

In response to the argument that Plaintiff failed to plead membership in a protected class, and individually-motivated animus, Plaintiff asserts—in a footnote—"[c]ases in the Ninth Circuit indeed recognize a class of individuals with disabilities may be protected by § 1985(3). . ." Dkt. No. 37, p. 12, footnote 4.  Although further addressed in its insufficiency, *infra*, Plaintiff opposes Defendants' argument that the statute of limitations had lapsed before the time of filing of his lawsuit for a Section 1986 claim by footnoting that:

> In addressing Defendants' assertion that Dr. Johnston's Section 1986 claim is time barred on account of his failure to file a claim within one year after being assaulted by Defendant officers on May 6, 2019, such assertion is reasonably rebutted with arguments set out in headnote D of this Opposition, page 9. For the reasons set out therein, Defendants' limitation defense is unavailing.

Dkt. No. 37, p. 5, footnote 2.  Yet "headnote D" makes no mention of Plaintiff's Section 1986 claim, addressing only the statutes of limitation for state claims.  *See* id., p. 14-15.  Further, time limitations for federal claims, such as Plaintiff's Section 1986 claim, were not extended by the Northern District of New York, and Plaintiff cites no authority that State Executive Orders are controlling over U.S. District Courts in these matters.  *See* N.D.N.Y. General Orders 58-61, 63.

## II. PLAINTIFF CANNOT AMEND HIS COMPLAINT IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

"[I]t is axiomatic that [a] Complaint cannot be amended by the briefs in opposition to a motion to dismiss." *Plump Eng'g, Inc. v Westshore Design Engineers, P.C.*, 1:18-CV-00027(BKS/DJS), 2018 WL 3730168, at *5, note 4 (N.D.N.Y. Aug. 6, 2018) (internal quotation

2

omitted). Therefore, all assertions not set forth in the Complaint, and addressed for the first time in Plaintiff's opposition papers, should be disregarded.

Furthermore, Plaintiff's request for leave to amend his Complaint through an opposition brief is procedurally improper.  Fed. R. Civ. P. Rule 15 states that, other than as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Id.  However, the Local Rules for the Northern District of New York outline the process that requires the party to make a separate and distinct motion requesting leave of court:

> A party moving to amend a pleading pursuant to Fed. R. Civ. P. 14, 15, 19-22 must **attach** an unsigned copy of the **proposed amended pleading** to its *motion* papers. Except if the Court otherwise orders, the proposed amended pleading must be a **complete pleading**, which will supersede the pleading sought to be amended in all respects. A party shall not incorporate any portion of its prior pleading or exhibits thereto into the proposed amended pleading by reference.
>
> The *motion* must set forth specifically the proposed insertions and deletions of language and identify the amendments in the proposed pleading, either through the **submission of a redline/strikeout version** of the pleading sought to be amended or through other equivalent means.

N.D.N.Y. L.R. 15.1 (emphasis supplied). Here, Plaintiff uses his opposition papers as a vehicle for amending his Complaint to plead both a previously absent Section 1985 and 1983 claim for conspiracy, which may well include new facts absent from the Complaint.  *See* Dkt. No. 37, pp 10-13, footnote 3.  This is facially insufficient.  Plaintiff has failed to bring this request on its own notice of motion, but seeks to do so through Defendants' Rule 12(b)(6) motion.  Plaintiff offers no proposed amended pleading, with all deletions and additions redlined or otherwise struck out.  As such, if the Court were to consider accepting Plaintiff's request for leave in his opposition papers, Defendants would have no realistic opportunity to sufficiently oppose such a motion. Absent a complete redlined pleading proposal, Defendants can only oppose a general, unspecified concept

3

of a Section 1983 and 1985 conspiracy claim. Consequently, Plaintiff's attempt at a motion pursuant to Rule 15 and N.D.N.Y. L.R. 15.1 should be denied.

### III. NEW YORK STATE ASSAULT AND BATTERY CLAIMS ARE DUPLICATIVE OF SECTION 1983 EXCESSIVE USE OF FORCE CLAIM

Plaintiff's argument that state claims of assault and battery claims should persist redundantly through discovery should be rejected where in the Complaint he cites a case stating that "a cause of action against law enforcement officials [for assault and battery] is whether the force used was 'reasonable,' the exact same test as the one used to analyze a **Fourth Amendment excessive force claim**." Dkt. No. 23, ¶¶ 80 and 82 (quoting *Hogan v. Franco*, 896 F. Supp. 1313, 1315 n.2 (N.D.N.Y. 1995)) (emphasis suppled). The same paragraphs calling-in New York State assault and battery make a direct link back to the Section 1983 excessive force claim. *See* id.[3]

### IV. NEW YORK STATE FALSE IMPRISONMENT CLAIMS IS DUPLICATIVE OF SECTION 1983 FALSE ARREST CLAIM

Although Plaintiff argues in opposition that courts do not always dismiss New York State false imprisonment claims pleaded with Section 1983 false arrest claims, in the case of Plaintiff's Complaint, there is nothing about his false imprisonment claim that is in any way distinguishable from his Section 1983 false arrest claim as they rely on the same facts and elements. *See* id., ¶¶ 76-78.  In the cases cited by Plaintiff *none* consider the duplicative argument as ever having been put forth by the movant, and so they are unavailing as support in opposition.  *See e.g.*, *Murray v. Williams*, 05 CIV. 9438 (NRB), 2007 WL 430419, at *6 (S.D.N.Y. Feb. 8, 2007) (no discussion of duplicative claims warranting dismissal of one, just saying, consequently that they are synonymous causes of action); *Levantino v. Skala*, 56 F. Supp. 3d 191, 200 (E.D.N.Y. 2014) (no discussion of movant arguing duplicative, but noting that "substantially the same" in New York);

---

[3] "For these reasons, as to Plaintiff's constitutional excessive force claim, a court will not and cannot find as a matter of law that DEFENDANT POLICE OFFICER SMITH are entitled to qualified immunity."

4

*TADCO Const. Corp. v Dormitory Auth. of State of New York*, 700 F. Supp. 2d 253, 268 (E.D.N.Y. 2010) (Court stated that federal claims for false arrest and imprisonment brought rest on an individual's Fourth Amendment right); *McKim v. County of Rensselaer*, 1:09-CV-650 GLS/DRH, 2011 WL 2580327, at *10 (N.D.N.Y. June 28, 2011) (dismissing both false arrest and false imprisonment claims).

    **V.    PLAINTIFF DID NOT COMPLY WITH G.M.L. § 50-E IN FAILING TO NOTICE THE CITY OF NEGLIGENT TRAINING, ET AL., CLAIM (CLAIM 13)**

Plaintiff's argument that Defendants were on notice for *his* allegation that Officer Smith was negligently trained, hired, retained, *and* supervised falls short in that the plain language of G.M.L. § 50-e requires he make a statement of "the time when, the place where [or] the manner in which" a plaintiff's claim based in negligent training, hiring, retention, and supervision arose. Id. First, plaintiff's citation to a U.S. District Court in Arizona is inapposite as the court in *Mitchell v. City of Flagstaff* was not analyzing their decision based on New York law, but Arizona statutory law. *See* id., CV 11-8140-PCT-FJM, 2011 WL 5826014, at *1 (D. Ariz. Nov. 18, 2011).

Second, Plaintiff's citation to *Clark v. City of Ithaca*, 235 A.D.2d 746 (3d Dep't 1997) is unavailing. This 1997 state decision goes against the considerable federal case law cited in Defendants' memorandum of law in support of Claim 13's dismissal, and, in particular, this Court's more recent decision in *Rissetto v. County of Clinton*, 8:15-CV-0720 (GTS/CFH), 2016 WL 4530473 (N.D.N.Y. Aug. 29, 2016) (Plaintiff's notice of claim referenced, *inter alia*, multiple common law theories of recovery, "but provide[d] no suggestion that Plaintiffs intended to pursue any claim for negligence in general, or a claim of negligent training or supervision as to the municipality Defendants in particular") (citing *Asseng v. Cty. of Nassau*, 14-CV-5275, 2015 WL 4621104, at *4 (E.D.N.Y. July 31, 2015) (holding that, "[a]lthough [plaintiff's notice of claim] lists causes of action for 'malicious prosecution, false arrest, and false imprisonment,' it makes no

5

reference to negligent supervision and does not discuss facts that would raise the inference that Plaintiff intended to pursue such a claim"); *Ferlito v. Cty. of Suffolk*, 06-CV-5708, 2007 WL 4180670, at *4 (E.D.N.Y. Nov. 19, 2007) (dismissing claim for "negligent hiring, training or retaining practices" was not sufficiently specified in plaintiff's claim); *Fincher v. Cty. of Westchester*, 979 F. Supp. 989, 1003 (S.D.N.Y. 1997) (notice of claim "does not mention negligent hiring, training, or supervision. . ."); *see also Hargroves v. City of New York*, 03-CV-3869, 2014 WL 1271024, at *7 (E.D.N.Y. Mar. 26, 2014) (collecting [six] cases)). Applying the great weight of case law against Plaintiff's one remotely applicable case, here as in all of the aforementioned cases, Plaintiff makes no mention in his notice of claim that any of the events that pre-date his May 5, 2018, arrest that could be construed as to put Defendants on notice as to the facts with respect to negligent hiring, training and retention that occurred prior to the incident.

## VI. CHIEF BUCKNER CANNOT BE SUED IN THIS CASE IN HIS INDIVIDUAL CAPACITY UNDER *MONELL* OR AS A SUPERVISOR

Defendants set forth in their initial memorandum of law that "*Monell* does not apply to ... individuals who are sued in their individual capacity." Dkt. No. 34-3 (quoting *Acquah for J.B. v City of Syracuse*, 1:8-CV-1378 (LEK/DEP), 2020 WL 1510405, at *3 (N.D.N.Y. Mar. 30, 2020)). In response, Plaintiff improperly argues a new cause of action not pleaded in his Complaint—namely, that Chief Buckner had some "personal responsibility" relative to Plaintiff's conclusory allegations. *See* Dkt. No. 37. Yet the Complaint's allegations against Chief Buckner are only made in support of the *Monell* claim against the City of Syracuse, and not a supervisory liability claim based on *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995). *See, Acquah* at *3. Ultimately, however, "[t]he Court cannot construe an unpled claim" *See,* id. (quoting, *Augienello v. Coast-to-Coast Financial Corp.*, 64 F. App'x. 820, 822) (2d. Cir. 2003) (holding there is a clear difference between asking for liberal construction of complaint and "amendment of the complaint to include

a claim that they did not plead"). Even if Plaintiff were able to amend his Complaint in opposition papers to include a supervisory liability claim pursuant to *Colon v. Coughlin*, he would fail to state a claim.  Citing *Colon*, Plaintiff argues Chief Buckner is liable pursuant to a theory of supervisory liability, before citing *Tangreti v. Bachmann*, 983 F.3.d 609 (2d Cir. 2020) as an explanatory parenthetical. This attempt to prevent Chief Buckner from being dismissed fails for two reasons.

    A.    <u>*Iqbal* abrogated supervisory liability in *Colon*</u>.

The Second Circuit in *Tangreti* abrogated the *Colon* test for supervisory liability, clearing-up any dispute since *Ashcroft v. Iqbal*, 556 U.S. 662, (2009):

> *Iqbal* holds that a plaintiff may not rely on a special test for supervisory liability. Rather, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676, 129 S.Ct. 1937. . . We join these circuits in holding that after *Iqbal*, there is no special rule for supervisory liability. Instead, a plaintiff must plead and prove "that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676, 129 S.Ct. 1937. "The factors necessary to establish a [§ 1983] violation will vary with the constitutional provision at issue" because the elements of different constitutional violations vary. Id. The violation must be established against the supervisory official directly.

*Tangreti*, 983 F.3d at 616, 618. This must be done by establishing the "supervisor," here Chief Buckner, violated the plaintiff's specifically enumerated Constitutional rights by his own conduct and not by reason of being a supervisor of others who committed the violation. *See* id. at 619. Therefore, there can be no cause of action based upon the standards of supervisory liability set forth in *Colon*.

    B.    <u>Plaintiff has not pleaded an individual Constitutional violation by Chief Buckner</u>.

The factual allegations pleaded in the Complaint against to Chief Buckner do not evince individual violations of Plaintiff's Constitutional Rights under the Fourth Amendment whether by alleged excessive use of force, false arrest, or malicious prosecution.  In order to establish this, Plaintiff would need to have pleaded that the Chief Buckner "committed the violation him or

7

herself, **not by the supervision** of others who committed the violation . . ." and that the supervisor "personally display[ed] the requisite **state of mind**, depending on the violation at issue. *See Roy v Alicia*, 9:19-CV-585(LEK/ATB), 2021 WL 966010, at *4 (NDNY Feb. 3, 2021], report and recommendation adopted sub nom. *Roy v. Laperla*, 9:19-CV-585 (LEK/ATB), 2021 WL 964135 (N.D.N.Y. Mar. 15, 2021) (emphasis supplied) (citing *Tangreti*, 983 F.3d at 616).

None of the three paragraphs cited in Plaintiff's opposition papers implicate Chief Buckner in an *individual* violation of Plaintiff's Fourth Amendment rights.[4] Plaintiff has neither alleged that Chief Buckner was individually involved in or present for the use of force, the arrest, or prosecution of Plaintiff, nor has Plaintiff alleged that Chief Buckner had the requisite state of mind to commit such violations. *See, e.g., Correa v. Lynch*, 20-CV-02875 (PMH), 2021 WL 2036697, at *6 (S.D.N.Y. May 20, 2021) (Court noted that excessive use of force claim against individual supervisor only supported if establish that the supervisor had direct participation in the force of failed to intervene because "the fact that a defendant is a supervisor is not enough to impute personal involvement onto that actor").

Plaintiff misleadingly cites *Tangreti* in his analysis by an explanatory parenthetical asserting "government-official [sic] through the official's own individual actions violated the Constitution." This fails to note that *Tangreti* is largely distinguishable as the supervisory official was alleged of having the requisite "state of mind" vis-à-vis "deliberate indifference to the substantial of serious harm to an inmate" of an imprisoned inmate. *Tangreti* at 612; *see also Farmer v. Brennan*, 511 U.S. 825, 828 (1994). Here, Plaintiff alleges, under the *Monell* "ratification" claim, that Chief Buckner "knew of and specifically made a deliberate choice to approve DEFENDANT SMITH's acts and the basis for" Officer Smith's alleged actions. *See* Dkt.

---

[4]  With Chief Buckner not named in one of the paragraphs Plaintiff cites (i.e., id. at ¶ 40).

8

No. 23, ¶ 75. This does not implicate Chief Buckner's individual involvement in any of the Constitutional violations of Plaintiff himself for two critical reasons.

<u>First</u>, the "deliberate indifference" referred to in the "ratification" context is invoking a derivative *Monell* claim—not an individual right violation. *See, City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989); *see also, Lurch v. City of New York*, 19-CV-11254 (VEC/OTW), 2021 WL 842616, at *5 (S.D.N.Y. Feb. 10, 2021), report and recommendation adopted, 19-CV-11254 (VEC), 2021 WL 1172506 (S.D.N.Y. Mar. 29, 2021).

<u>Second</u>, there is no deliberate indifference alleged as to Chief Buckner[5] pursuant to a Fourth, Eighth, or Fourteenth Amendment individual violation. *See Starling v. Syracuse Police Dept.*, 5:19-CV-1458 (DNH/TWD), 2019 WL 6974731, at *4 (N.D.N.Y. Dec. 20, 2019), report and recommendation adopted, 5:19-CV-1458 (DNH/TWD), 2020 WL 1140664 (N.D.N.Y. Mar. 9, 2020) (citations omitted); *see also, McKinney v. New Haven Police Dep't*, 3:17-CV-1663 (JCH), 2017 WL 5137583, at *3 (D. Conn. Nov. 6, 2017). Furthermore, there is no deliberate indifference state of mind cause of action for an excessive use of force, false arrest, or malicious prosecution claim, which is only considered as a state of mind as to matters involving the failure to provide medical care. Because there is no Fourth, Eighth or Fourteenth Amendment violation implicating his individual involvement, Chief Buckner should be dismissed from this action.

Even if Plaintiff attempted to shoehorn his *Colon* claim into an individual Constitutional violation post-*Iqbal*, the three Complaint paragraphs Plaintiff cites cannot support such a claim when the "Complaint's legal focus is indisputably on the City of Syracuse. . ." *Acquah* at *3 (cases omitted). Here, the three paragraphs are all under the section titled as a *Monell* Claim. Dkt. No.

---

[5] Defendants do not address the Plaintiff's "Eighth Cause of Action" for the "Failure to Provide Medical Care" where Chief Buckner is not identified as having any individual involvement being deliberately indifferent to Plaintiff's medical condition.

9

23. Plaintiff makes one conclusory allegation in this *Monell* section: "Bucker's [sic] failure to discipline, train and supervise the police officers under his command has resulted in the assault and battery, false arrest and civil rights violations of Plaintiffs and many, many other law-abiding citizens of Syracuse." *See* Dkt. No. 23, ¶ 33. This would not be a *Colon* claim even if *Colon* was still good law as to supervisory liability.

### VII. DECLARATORY JUDGEMENTS SHOULD BE DISMISSED

Plaintiff seeks to impose California law in reclaiming his purported "status of innocent." Plaintiff claims his psychological state and standing in the community has been "stripped away" by the criminal charges. New York Criminal Procedure Law § 160.50, which imposes a complete seal on arrest records, is the proper and adequate remedy. Moreover, New York considers arrests not resulting in a conviction a legal nullity. *See Matter of Alonzo M. v New York City Dept. of Probation*, 72 N.Y.2d 662, 667-68 (1988). Therefore, imposing California state law on the New York State court that sat in jurisdiction over Plaintiff's proceedings and has statutory provisions setting forth protections for Plaintiff is a drastic, unnecessary measure. Also, this civil proceeding is not the appropriate channel declare that a defendant had committed a criminal act absent all of the protections afforded through the criminal procedure process in state law regarding criminal acts under N.Y. Penal Law. In a normal civil proceeding in federal court, Officer Smith would not be afforded the same due process which should be afforded in state criminal procedure law.

### VIII. THE COMPLAINT SHOULD BE RE-PLEAD AND HAVE PARTS STRUCK PURSUANT TO FED. R. CIV. P. RULES 12(E) AND 12(F).

Plaintiff is incorrect that the inappropriate legal citations in his Complaint are "easily distinguishable from statements of fact," as almost all of the legal citations are commingled in paragraphs that contain some fact in dispute, which will require Defendants to respond to while parsing out the legal citations to which Defendants need not respond.

### CONCLUSION

WHEREFORE, Defendants respectfully request that the Court dismiss Plaintiff's claims as set forth in their memorandum of law in support of this motion to dismiss (*see* Dkt. No. 34-3, pp. 30-31), direct Plaintiff to replead, or otherwise strike the improper portions of the Complaint under the authority set forth at Fed. R. Civ. P. 12(e) and such other and further relief as the Court deems just and proper.  However, should this Court interpret or convert any part of this motion into one for summary judgment, Defendants respectfully request that any denial be made without prejudice.

Dated: July 23, 2021  
      Syracuse, New York

KRISTEN E. SMITH, ESQ.  
CORPORATION COUNSEL  
OF THE CITY OF SYRACUSE

By: _____/s_____  
Todd M. Long, Esq.  
Assistant Corporation Counsel  
Bar Roll No. 519301  
*Attorney for Defendants*  
300 City Hall  
Syracuse, New York 13202  
Tel: (315) 448-8400  
Fax: (315) 448-8381  
E-Mail: tlong@syrgov.net

## **CERTIFICATE OF SERVICE**

  I declare under the penalty of perjury that I served the foregoing:

1. Memorandum Of Law In Reply To Plaintiff's Opposition To Defendants' Motion To Dismiss Pursuant To Fed R. Civ. P. Rule 12 and Motion For A More Definitive Statement Or To Strike Pursuant To Rules 12(E) And (F);

by electronically filing with the Clerk of the Court herein, which is understood to have sent notification of such filing electronically to all counsels of record *via* CM/ECF NextGen in N.D.N.Y. for the above captioned case.

Dated: July 23, 2021           KRISTEN E. SMITH, ESQ.
   Syracuse, New York         CORPORATION COUNSEL
                   OF THE CITY OF SYRACUSE

                By: _____/s_____
                  Todd M. Long, Esq.
                  Assistant Corporation Counsel
                  Bar Roll No. 519301
                  *Attorney for Defendants*
                  300 City Hall
                  Syracuse, New York 13202
                  Tel: (315) 448-8400
                  Fax: (315) 448-8381
                  E-Mail: tlong@syrgov.net