CIVIL CASE MANAGEMENT PLAN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

Dr. Mark Johnston, M.D.,
M.P.H., et al.

No. **5:20-CV-1497 DNH/ATB**

VS

City of Syracuse, et al.

**IT IS HEREBY ORDERED that,** Pursuant to Rule16(b), Federal Rules of Civil Procedure, a status and scheduling conference will be held in this case before the Honorable ANDREW T. BAXTER, United States Magistrate Judge on **March 8, 2021, at 10:00 AM**. All conferences will be conducted by telephone unless the parties are specifically directed to appear. Counsel for the plaintiff is directed to coordinate the initial conference call. Once all parties are on the conference line, Judge Baxter's chambers can be reached at 315-234-8600.

Counsel for all parties or individuals appearing pro se in the above-captioned action are directed to confer in accordance with Fed. R. Civ. P. 26(f) with respect to all of the agenda items listed below, no later than **twenty-one (21) days** before the scheduled Rule 16 Conference. Following that Rule 26(f) meeting, a report of the results of the conference, in the format set forth below, must be filed with the clerk no later than **seven (7) days** prior to the scheduled Rule 16 conference with the Court. Matters which the Court will discuss at the status conference will include the following: (insert a separate subparagraph as necessary if parties disagree):

**1) JOINDER OF PARTIES:** Any application to join any person as a party to this action shall be made on or before the __7__ day of __January__, __2022__.

**2) AMENDMENT OF PLEADINGS:** Any application to amend the pleadings to this action shall be made on or before the __7__ day of __January__, __2022__.

**3) DISCOVERY:** All discovery in this action shall be completed on or before the __26__ day of __August__, __2022__. **(Discovery time table is to be based on the complexity of the action)**

**4) MOTIONS:** All motions, including discovery motions, shall be made on or before the __25__ day of __October__, __2022__. **(Non-Dispositive motions including discovery motions may only be brought after the parties have complied with Section IX of General Order #25)**

Page 1

**5) PROPOSED DATE FOR THE COMMENCEMENT OF TRIAL:** The action will be ready to proceed to trial on or before the   3   day of   April   ,   2023   .  It is anticipated that the trial will take approximately   5-7   days to complete.  The parties request that the trial be held in   Syracuse  , N.Y.  **(The proposed date for the commencement of trial must be within 18 months of the filing date).**

**6) HAVE THE PARTIES FILED A JURY DEMAND:**   X   (YES) /  _____ (NO).

**7) DOES THE COURT HAVE SUBJECT MATTER JURISDICTION? ARE THE PARTIES SUBJECT TO THE COURT'S JURISDICTION? HAVE ALL PARTIES BEEN SERVED?**
Yes.

**8) WHAT ARE THE FACTUAL AND LEGAL BASES FOR PLAINTIFF'S CLAIMS AND DEFENDANT'S DEFENSES (INCLUDE COUNTERCLAIMS & CROSSCLAIMS, IF APPLICABLE)?**
Plaintiff alleges, in sum and substance, that on May 5, 2019, excessive force was used in effectuating his arrest by Defendant Officer Vallon Smith, and, further that Plaintiff was falsely arrested.  Plaintiff further alleges that Defendant City of Syracuse has a policy, practice, or custom of using excessive force and falsely arresting individuals. Defendants contend that the use of force and arrest of Plaintiff were reasonable and constitutional.

**9) WHAT FACTUAL AND LEGAL ISSUES ARE GENUINELY IN DISPUTE?**
Whether or not Officer Vallon Smith utilized an appropriate and reasonable amount of force in the arrest of Plaintiff Mark Johnston, whether the arrest was with probable cause, and whether the City of Syracuse has a municipal policy, practice, or custom of using excessive force in effectuating arrests and/or of arresting individuals in violation of their constitutional rights.

**10) CAN THE ISSUES IN LITIGATION BE NARROWED BY AGREEMENT OR BY MOTIONS? ARE THERE DISPOSITIVE OR PARTIALLY DISPOSITIVE ISSUES APPROPRIATE FOR DECISION ON MOTION?**
The litigation has already been narrowed by dispositive motion practice and is capable of further narrowing by subsequent dispositive motion practice, most likely to occur upon the close of discovery.

**11) WHAT SPECIFIC RELIEF DO THE PARTIES SEEK? WHAT ARE THE DAMAGES SOUGHT?**
Plaintiff seeks $10,000,000.00 in compensatory damages against each Defendant, as well as punitive damages, as well declaratory relief related to the City's Use of Force policy.  Defendants seek dismissal of this action, with court costs and attorney's fees.

12) DISCOVERY PLAN:

### A. Mandatory Disclosures

The parties will exchange the mandatory disclosures required under Rule 26(a)(1) at least **seven (7) days** prior to the date of the Rule 16 conference, unless they have obtained prior approval from the assigned Magistrate Judge to extend that deadline.

Pursuant to Text Order under Dkt. No. 45, mandatory disclosures are to be exchanged on or by 10/15/2021.

### B. Subjects of Disclosure

The parties jointly agree that discovery will be needed to address the following subjects:

Discovery will be customary for a use of force and false arrest case with an accompanying Monell claim, which may include documentary evidence and other media, as well as depositions of all fact and expert witnesses.  Furthermore, Defendants will seek discovery related to Plaintiff's alleged damages.

### C. Discovery Sequence

Describe the parties' understanding regarding the timing of the discovery, and state whether it is anticipated that discovery will be phased to address different issues in stages.

At this point the parties do not anticipate the need for phased discovery, other than the need to resolve any outstanding documentary or media discovery disputes in advance of party or related witness depositions.  Any expert witness disclosure would be subsequent to the full exchange of disclosure.

### D. Written Discovery

Describe the written discovery demands which the parties contemplate serving under Rules 33, 34 and 36, including when they will be promulgated, the areas to be covered, and whether there is any need for any party to exceed the number of interrogatories permitted under Rule 33.

The parties contemplating engaging in all forms of disclosure and discovery under Title V of the Federal Rules of Civil Procedure.  Discovery will include, but not be limited to, the events on the date of the incident, policies of the City of Syracuse at the time of the incident, and any documentation related to Plaintiff's damages.  The parties do not at this time foresee the need to exceed the number of interrogatories permitted under Rule 33.

**E.     Depositions**

Set forth the parties' expectations regarding depositions, including the approximate number to be taken, their location, a general description of the deponents, and an indication of whether any non-party fact depositions are anticipated.

The parties reserve the right to schedule their full allotment of 10 depositions per side, but will apply promptly to the Court if more are needed. In addition, non-party fact witnesses and expert witnesses may be necessary.

**F.     Experts**

Set forth the parties' expectations regarding the retention of experts, and identify any particular issues to be addressed by the court concerning the retention and exchange of the information regarding experts, including whether the parties seek a variance from the expert disclosure requirements of the form uniform pretrial scheduling order typically issued by the court (i.e., initial expert disclosure at least ninety days, responsive expert disclosures at least forty-five days, and rebuttal reports due at least thirty days, before the close of discovery).

The parties, at this time, have not retained an expert but may anticipate retaining experts with respect to use of force and false arrest allegations, as well as issues raised by Plaintiff's Monell claims, who will be disclosed according to the deadlines set for in the Court's pre-trial scheduling order.

**G.     Electronic Discovery**

Set forth the parties' understanding and expectations regarding discovery of electronically stored information. This description should include any agreements reached with respect to the retention of electronically stored information and the manner in which it will be produced, if requested. The parties should also identify any agreements regarding the manner in which electronically stored information subject to claims of privilege or work product protection will be handled, and whether a court order will be requested, either on stipulation or otherwise, to address this issue. If an agreement has been reached on the entry of such an order, provide a brief description of the provisions which will be included in a proposed order.

The parties do not view electronically stored information as a major discovery source with this case. And so, the parties will incorporate searching ESI as part of its regular search for responsive documents.

     H.     **Protective Orders**

If the parties anticipate requesting a protective order from the court pursuant to Rule 26©), describe the basis for the request and nature of the proposed protective order.

To be determined based on the nature and scope of the parties respective discovery demands.

     I.     **Anticipated Issues Requiring Court Intervention**

Provide a brief description of any discovery related issues which, the parties reasonably anticipate, may require court intervention.

To be determined.

**13) IS IT POSSIBLE TO REDUCE THE LENGTH OF TRIAL BY STIPULATIONS, USE OF SUMMARIES OR STATEMENTS, OR OTHER EXPEDITED MEANS OF PRESENTING EVIDENCE? IS IT FEASIBLE AND DESIRABLE TO BIFURCATE ISSUES FOR TRIAL?**

Yes.

**14) ARE THERE RELATED CASES PENDING BEFORE THE JUDGES OF THIS COURT?**

No, although this action was served previously (see Dkt. No. 22), and that severed action is in this District Court under Federal Civil Action Number 5:20-cv-01641 (DNH-ATB), Shaolin Moore v. City of Syracuse, et al.

**15) IN CLASS ACTIONS, WHEN AND HOW WILL THE CLASS BE CERTIFIED?**

Not applicable.

**16) WHAT ARE THE PROSPECTS FOR SETTLEMENT? Please circle below the prospect for settlement:**

                              (**1**)----2-----3-----4-----5-----6-----7-----8-----9-----10
                              (**VERY UNLIKELY**)➔ ➔ ➔ ➔ ➔ ➔ ➔ ➔ ➔ ➔ ➔ (**LIKELY**)

CANNOT BE EVALUATED PRIOR TO dispositive motion practice, _(DATE)_
but after the completion of discovery, which is a yet to be determined date.

Page 5

**HOW CAN SETTLEMENT EFFORTS BE ASSISTED?**
Through the assistance of a mediator upon the conclusion of party depositions.

*(Do not indicate any monetary amounts at this time, settlement will be explored by the Magistrate Judge at the time of the initial status conference)*

**COMPLETE QUESTION 17 ONLY IF YOUR FILING ORDER COVER SHEET WAS CHECKED AS AN ADR TRACK CASE - Subject to Mandatory Mediation under General Order #47.**

**17) IF YOUR CASE WAS SELECTED AS A QUALIFYING MANDATORY MEDIATION CASE, CONFIRM THAT YOU HAVE:**

    A.    Reviewed General Order #47?    **YES** / NO

    B.    Reviewed the List of Court Approved Mediators available on the NDNY website?    **YES** / NO

    C.    Prepared to discuss with the Court, at the conference, whether your case should be opted out of the program?    **YES** / NO

    D.    Discussed the time frame needed to complete Mandatory Mediation?    YES / **NO**

*******************************************************************************
Pursuant to Fed. R. Civ. P. 26(f) a meeting was held on  10/15/2021  at  by email communications  and was attended by:
                                                                            (Date)                           (Place)

  A. Cabral Bonner, Esq.           for plaintiff(s)

  Todd M. Long, Esq.             for defendant(s)   Vallon Smith
                                                                                                     (party name)
  Todd M. Long, Esq.             for defendant(s)   City of Syracuse
                                                                                                     (party name)

At the Rule 16(b) conference, the Court will issue an order directing the future proceedings in this action. The parties are advised that failure to comply with this order may result in the imposition of sanctions pursuant to Federal Rules of Civil Procedure 16(f).

***Please detach this case management plan form and file electronically with the clerk no later than seven (7) days in advance of the conference date.***